**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| ANNETTE TINDALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 11-2503-JAR-JPO |
| ) | |
| FREIGHTQUOTE.COM, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM AND ORDER**

This employment discrimination suit is before the Court on Plaintiff Annette Tindall's Objections (Doc. 24) to Magistrate Judge O'Hara's Order staying this case pending the Tenth Circuit Court of Appeals' decision in a related case, "Tindall I," Case No. 10-2364-EFM.[1] Tindall I involved another employment discrimination action brought by Plaintiff against Defendant Freightquote and is currently on appeal from Judge Melgren's orders enforcing a settlement agreement purportedly entered into between the parties. Judge O'Hara determined that a stay of discovery is warranted in this matter until the Tenth Circuit decides the issues presented in Tindall I because, if affirmed, Freightquote would have at least a strong argument for dismissal of some or all of the claims in this case. Judge O'Hara found that judicial economy will be best served by allowing the Tenth Circuit to resolve Tindall I before proceeding further in this matter.

Fed. R. Civ. P. 72 allows a party to provide specific, written objections to a magistrate judge's order. With respect to a magistrate judge's order relating to nondispositive pretrial

---

[1] Doc. 23.

matters, the district court does not conduct a *de novo* review; rather, the court applies a more deferential standard by which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to the law."[2]  "The clearly erroneous standard applies to factual findings, and 'requires that the reviewing court affirm unless it "on the entire evidence is left with the definite and firm conviction that a mistake has been committed.""'[3]

Plaintiff objects to Judge O'Hara's Order granting the motion to stay based on differences she has identified between this case and Tindall I.  This is insufficient to establish that Judge O'Hara's well-reasoned decision was clearly erroneous.  Judge O'Hara acknowledged Plaintiff's argument that the cases are dissimilar but explained that even if certain claims may not be affected by the settlement agreement in Tindall I, that determination cannot be made on the current record and that judicial economy would still be best served by a stay if a decision on appeal has the potential to resolve even some of the claims in this case.  Plaintiff also contends that she suffers irreparable financial hardship by Judge O'Hara's decision to stay discovery in this matter.  But the Court applies a deferential standard of review and may only sustain Plaintiff's objection if the order is clearly erroneous or contrary to law.  As already explained, Judge O'Hara's Order was not clearly erroneous or contrary to law.  Therefore, the Court overrules and denies Plaintiff's Objections.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Objections (Doc.

---

[2] *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461-62 (10th Cir. 1988); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)).

[3] *McCormick v. City of Lawrence*, No. 02-2135-JWL, 2005 WL 1606595, at *2 (D. Kan. July 8, 2005) (citing 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE & PROCEDURE § 3069, at 355 (2d ed. 1997) and quoting *Ocelot Oil*, 847 F.2d at 1464 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948))).


24) are **overruled and denied**.

    **IT IS SO ORDERED**.

Dated: November 28, 2011

                                       S/ Julie A. Robinson  
                                       JULIE A. ROBINSON  
                                       UNITED STATES DISTRICT JUDGE